<hr />

FRANCIS UMBEHOCKER *against* RUDOLPH RASSEL.

In a special action on the case, if a different contract is proved from that laid by the declaration, the plaintiff falls.

SPECIAL action on the case. The plaintiff declared that whereas George Savin (alias Green) was indebted to him in 116*l.* 5*s.*, the defendant on the 2d July 1790, in consideration, that the plaintiff promised to accept him as his debtor in the room of the said George, promised to pay him the said 116*l.* 5*s.* at the house of the said Francis (in Berks county,) and although the said Rudolph had afterwards paid him 37*l.* 10*s.* part of the said 116*l.* 5*s.* yet he had not paid him the residue thereof being 78*l.* 10*s.* although he had been requested so to do on the, &c.

The merits of this cause have been disclosed in the preceding report. It is there mentioned, that Savin was indebted to the now plaintiff in $303\frac{11}{100}$ dollars, which are equal in value to 113*l.* 13*s.* 4*d.* Consequently, on the defendant's paying 37*l.* 10*s.*, the sum of 76*l.* 3*s.* 4*d.* remained due; and that the defendant promised to pay the amount at his own house (in Dauphin county) whereas the plaintiff alleges, that it was to be paid at his house (in Berks county.)

The same counsel for the defendant again moved for a nonsuit on these two variances, and referred to the cases cited in the former action. They also insisted that the declaration was faulty, by laying the breach in non-payment of 78*l.* 10*s.* whereas according to the plaintiff's own statement, it should have been 78*l.* 15*s.*

The court hereupon observed, that this last matter should, if necessary, be urged in arrest of judgment.

The plaintiff's counsel referred also to their former cases, and moreover cited Co. Lit. 282, *a. b.* In actions for things of a transitory nature, the place laid is not material. On *insimul computasset*, the plaintiff may recover less than he declares for; and on a policy of insurance, where the plaintiff has declared for a total loss, he may still recover as for a partial loss; though in both instances the law was formerly otherwise. Bull. Ni. Pri. 129. Debt on a *mutuatus* for 200*l.*; verdict for the plaintiff for 100*l.* and *nil debet* for the residue; though debt is an entire thing, and cannot be recovered in part, yet the court refused to grant a new trial. 2 Bla. Rep.

The court adopted the language of Ld. Mansfield in Bristow *v.* Wright and Page. Doug. 666, 2d ed. "The strong bias of their minds has always leaned to prevent the manifest justice of a cause from being defeated by formal slips, which arise from the inadvertence of gentlemen of the profession; but that it was better for the sake of justice, that the strict rule should prevail." It is clearly ascertained by the evidence, without any contradictory proof whatever, that Savin was indebted to the plaintiff in the sum of 113*l.* 13*s* 4*d.*, and the defendant's promise to pay was confined to that sum alone, and the place fixed on, was at his own house in Dauphin county. The plaintiff has asserted a contract wholly dissimilar, both as to the sum due to him, and as to the place of payment. The *allegata et probata* are materially variant, and it is out of the power of the court to assist the plaintiff. The rule is, that "it is necessary in these kind of cases to set out the contract in the declaration; and if it be different in any part, the whole foundation of the action fails, because the contract is entire." Per Buller Just. 1 Term Rep. 240.

Plaintiff nonsuit.